UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN PENN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. LUCAS, *et al.*,<br><br>　　　　Defendants. | Case No. 1:18-cv-01482-AWI-JDP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND CASE CAPTION ON CM/ECF |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On April 19, 2018, plaintiff filed two motions. ECF No. 8; ECF No. 9. We will address each in turn.

**I.　MOTION TO APPOINT COUNSEL**

Plaintiff moved for the appointment of counsel. ECF No. 8. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require that an attorney represent plaintiff under 28 U.S.C. § 1915(e)(1), *see Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel under § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

exceptional circumstances exist, "a district court must evaluate both the likelihood of success on the merits [and] the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted). Although plaintiff alleges that he experiences "severe depression" and that prison officials are interfering with his ability to litigate, ECF No. 8 at 1-2, plaintiff has not demonstrated that he is likely to succeed on the merits at this early stage in the proceedings. Plaintiff's request will therefore be denied without prejudice.

**II.      MOTION TO AMEND CASE CAPTION**

Plaintiff "requests for this court to acknowledge & confirm additional defendants named in original complaint." ECF No. 9. In his complaint, plaintiff named six defendants, all of whom are employed by California Department of Corrections and Rehabilitation ("CDCR"): A. Lucas, appeals coordinator; M. Hernandez, correctional counselor II; T. Howard, correctional officer; Defendant Doe,[1] chief disciplinary officer of CDCR; G. Gebremedhin, correctional counselor I; and M. Jimenez, correctional officer. ECF No. 1 at 2-4. However, only four defendants are listed as defendants in the CM/ECF system.

Considering the foregoing, the court will grant plaintiff's motion. The clerk of court will be directed to amend the case caption in the CM/ECF system to be in accord with plaintiff's complaint.

**III.     ORDER**

Accordingly,

1. Plaintiff's motion to appoint counsel, ECF No. 8, is denied.
2. Plaintiff's motion to amend the case caption on CM/ECF, ECF No. 9, is granted. The clerk of court is directed to add G. Gebremedhin, M. Jimenez, and Defendant Doe as defendants.

---

[1] Plaintiff names a defendant as "Unknown." ECF No. 1 at 3. We will refer to this individual as "Defendant Doe."

2

IT IS SO ORDERED.

Dated:  May 20, 2019

_____
UNITED STATES MAGISTRATE JUDGE

 No. 203