UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN PENN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. LUCAS, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01482-AWI-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIMS AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITH LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS<br><br>ECF No. 1 |

Plaintiff Marlin Penn is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed October 26, 2018, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. We find that plaintiff has stated retaliation claims against defendants Lucas and Hernandez. We will recommend that plaintiff's remaining claims be dismissed without prejudice and that he be granted leave to amend the complaint.

**I.　　SCREENING AND PLEADING REQUIREMENTS**

A district court is required to screen a prisoner's complaint seeking relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of a complaint that is frivolous or

1

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

**II.    COMPLAINT[1]**

Plaintiff is currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California. ECF No. 10. Plaintiff alleges constitutional violations arising out of his confinement at Kern Valley State Prison ("KVSP"). *See* ECF No. 1 at 2. Plaintiff names six defendants, all of whom are employed by California Department of Corrections and Rehabilitation ("CDCR"): A. Lucas, appeals coordinator; M. Hernandez, correctional counselor II; T. Howard, correctional

---

[1] The court draws the facts of this section from plaintiff's complaint, ECF No. 1, and accepts them as true for purposes of screening.

2

officer; Defendant Doe,[2] chief disciplinary officer of CDCR; G. Gebremedhin, correctional counselor I; and M. Jimenez, correctional officer. *Id.* at 2-4.

Plaintiff alleges:

> Correctional [officers] M. Jimenez & T. Howard deliberately falsified 2 [Rules Violation Reports ("RVRs")]] for a minor infraction. Both RVR's were mis-classified as "serious" rule violation[s]. Appeals [coordinator] A. Lucas refused staff complaints against c/o's Jimenez & Howard. [Correctional] Counselor's M. Hernandez & G. Gebremedhin placed me on c/c status based on the false & mis-classified RVR's. Lt. Sotelo placed me in ad-seg based on his false claim [that I threatened] staff. KVSP Warden in [Institutional Classification Committee] maintained c/c status without proper review.

*Id.* at 6. Plaintiff claims violations of his rights under the Sixth, Eighth, and Fourteenth Amendments. *Id.* at 3. He prays for a wide range of relief, including damages and injunctions. *Id.* at 6.

### III. DISCUSSION

#### A. Requirements Under 42 U.S.C. § 1983

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). As for the second method, the plaintiff can establish a causal connection by showing that the defendant "set[] in motion a series of acts by others, or . . . knowingly refus[ed] to terminate a series of acts by others," which the defendant "knew or reasonably should have known would cause others to inflict a constitutional injury." *Id*.

---

[2] Plaintiff names a defendant as "Unknown." ECF No. 1 at 3. We will refer to this individual as "Defendant Doe."

3

All named defendants are state-prison employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). We next consider whether plaintiff sufficiently alleged facts to satisfy the causation requirement.

Plaintiff has plausibly alleged that all defendants personally participated in or caused the alleged deprivations. A. Lucas refused to process plaintiff's complaints against staff. ECF No. 1 at 7. M. Hernandez threatened plaintiff and advised him to withdraw an administrative grievance. *Id.* The Doe Defendant, a chief disciplinary officer, "allowed 2 RVR's to be mis-classified as serious rule violations." *Id.* M. Jimenez and T. Howard falsified RVRs against plaintiff. *Id.* at 7-8. Gebremedhin "failed to notify [plaintiff] of classification action on 5/3/18 & placed [him] on c/c status without [his] appearance. *Id.* at 8.

The remaining question is whether defendants violated federal law. Plaintiff seeks to bring claims for violations of his rights under the Sixth, Eighth, and Fourteenth Amendments. ECF No. 1 at 3. Plaintiff's allegations do not support Sixth or Eighth Amendment claims, but they do implicate the First and Fourteenth Amendment.

### B. Falsified Rules Violation Reports

Plaintiff contends that M. Jimenez and T. Howard violated his due process rights when they "deliberately falsified 2 RVR's for a minor infraction." ECF No. 1 at 6. The filing of a false RVR by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, No. C08-3209 JSW PR, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983." (internal citation omitted)), *aff'd* 453 F. App'x 751 (9th Cir. 2011); *Harper v. Costa*, No. CIVS07-2149 LKK DAD P, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009) ("Although the Ninth Circuit has not directly

4

addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."), *aff'd* 393 F. App'x 488 (9th Cir. 2010).

There are, however, two ways that allegations that an inmate has been subjected to a false disciplinary report can state a cognizable civil rights claim: (1) when the prisoner alleges that the false disciplinary report was filed in retaliation for his exercise of a constitutional right and (2) when the prisoner alleges that she was not afforded procedural due process in a proceeding concerning a false report. *Richardson v. Tuman*, No. 1:18-CV-01166-EPG-PC, 2019 WL 669569, at *6 (E.D. Cal. Feb. 19, 2019); *see Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) ("[T]his court has reaffirmed that prisoners may still base retaliation claims on harms that would not raise due process concerns."); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (holding that the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections).

To the extent plaintiff's complaint alleges that defendants lodged false RVRs against him, he fails to state a claim. However, we will now consider whether he states claims for retaliation or procedural due process violations.

**C. Retaliation**

"Prisoners have a First amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). To prevail on a retaliation claim under the First Amendment, a plaintiff must show that: (1) he engaged in a protected conduct; (2) a state actor took some adverse action against him; (3) the protected conduct was a "substantial" or "motivating" factor behind the adverse action; (4) the adverse action would chill a person of ordinary firmness from future exercise of First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has stated retaliation claims against defendants Hernandez and Lucas. Plaintiff

5

alleges that Hernandez "personally warned me that if I did not withdraw Appeal # KVSP-O-17-02306, he would make me wish I had." ECF No. 1 at 7. Plaintiff alleges that Hernandez then ordered plaintiff to be "illegally place[d] . . . on c/c status on 3/15 & 5/3/2018." *Id.* Plaintiff alleges that Lucas "refus[ed] to file any staff complaint against c/o Howard, c/o Jimenez, CCI Gebremedhin & one also filed @ A. Lucas." ECF No. 1 at 7. "A. Lucas's decisions were seemingly prejudicial & geared to protect other staff members from misconduct claims." *Id.* These allegations satisfy each of the five elements of a retaliation claim: Filing administrative grievances is protected conduct. Hernandez and Lucas acted against plaintiff—assigning him a restrictive classification and failing to file his grievances, respectively, because of plaintiff's conduct. These actions were motivated by plaintiff's grievances and lacked a legitimate penological goal.

**D. Due Process**

The Fourteenth Amendment to the U.S. Constitution provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A § 1983 claim based upon procedural due process has two elements: "We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

**i. The Liberty Interest**

A liberty interest that implicates the protections of due process arises from one of two sources: the Due Process Clause of the Fourteenth Amendment or state law. *Wilkinson v. Austin*, 545 U.S. 209, 222 (2005). When deciding whether the Constitution itself protects an alleged liberty interest of a prisoner, the court should consider whether the practice or sanction in question "is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *accord Hewitt v. Helms*, 459 U.S. 460, 466-70 (1983), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Using this standard, the Supreme Court has concluded that prisoners' First Amendment rights are liberty interests protected by the Constitution, *see Procunier v. Martinez*, 416 U.S. 396,

418 (1974), *limited on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989), and that prisoners have a liberty interest in not being transferred for involuntary psychiatric treatment, *see Vitek v. Jones*, 445 U.S. 480, 494 (1980). The Supreme Court has also concluded that the Due Process Clause itself does not grant prisoners a liberty interest in good-time credits, *see Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); in remaining in general population, *see Sandin*, 515 U.S. at 485-86; *Hewitt*, 459 U.S. at 468; in not losing privileges, *Baxter v. Palmigiano*, 425 U.S. 308, 323 (1976); in staying at a particular institution, *see Meachum*, 427 U.S. at 225-27; or in remaining in a prison in a particular state, *see Olim v. Wakinekona*, 461 U.S. 238, 245-47 (1983).

With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin*, 515 U.S. at 481-84. Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. When conducting the *Sandin* inquiry, courts look to three factors in determining whether an atypical and significant hardship exists: (1) whether the challenged condition "mirrored those conditions imposed upon inmates in administrative segregation and protective custody," and thus comported with the prison's discretionary authority; (2) the duration and intensity of the conditions; and (3) whether the change in confinement would "inevitably affect the duration of [the prisoner's] sentence." *Chappell v. Mandeville*, 706 F.3d 1052, 1064 (9th Cir. 2013) (citation and internal quotation marks omitted). Courts applying the *Sandin* factors have determined that, in certain circumstances, prisoners may have a liberty interest in avoiding administrative segregation. *See Jackson v. Carey*, 353 F.3d 750, 755-57 (9th Cir. 2003). On the other hand, courts have held that prisoners have no liberty interest in their classification status or in their eligibility for rehabilitative programs. *See Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

At this stage of the litigation, construing plaintiff's complaint liberally, we find that plaintiff has alleged enough facts to indicate that he could have been deprived of a liberty interest

arising from state law. Plaintiff alleges that "Lt. Sotelo[3] placed me in ad-seg based on his false claim [that I threatened] staff." ECF No. 1 at 6. Depending on the circumstances of plaintiff's administrative segregation, he may have a liberty interest in avoiding it. On the other hand, plaintiff's allegation that he was placed on "C-status" does not implicate a liberty interest. *See Myron*, 476 F.3d at 718.

### ii. The Process That Is Due

When a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

Plaintiff does not sufficiently allege that he was deprived the process that he was due under the Fourteenth Amendment. Plaintiff alleged that he was placed in administrative segregation, but he fails to state facts allowing us to determine whether the process he received was constitutionally deficient. For example, plaintiff fails to state (1) who presided over his hearing; (2) which RVR resulted in his administrative segregation placement; and (3) whether he was provided the process required by *Wolff*. Considering the foregoing, plaintiff has failed to state any due process claims.

### IV. CONCLUSION

We have screened plaintiff's complaint and finds that plaintiff has stated retaliation claims against defendants Lucas and Hernandez. We recommend that plaintiff's remaining claims and the remaining defendants be dismissed without prejudice and that plaintiff be granted leave to amend the complaint.

Should plaintiff choose to amend the complaint, the amended complaint should be brief,

---

[3] The court notes that plaintiff has not named "Lt. Sotelo" as a defendant.

8

Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not fundamentally alter his complaint or add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

V.   **RECOMMENDATIONS**

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. *Id.* Thus, the undersigned submits the following findings and recommendations to a United

States District Judge under 28 U.S.C. § 636(b)(l):

1. Plaintiff states retaliation claims against defendants Lucas and Hernandez.
2. Plaintiff's remaining claims and defendants should be dismissed without prejudice, and plaintiff should be granted leave to amend the complaint.
3. If plaintiff files an amended complaint, defendants Lucas and Hernandez should not be required to respond until the court screens the amended complaint.

Within fourteen days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   May 21, 2019                                    _____
                                                          UNITED STATES MAGISTRATE JUDGE

No. 203