UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN PENN,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN OF KERN VALLEY STATE PRISON, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-01482-AWI-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 21) |

Pending before the court is plaintiff's motion for leave to appoint counsel filed April 5, 2021. (Doc. No. 21). Plaintiff, who is a prisoner, initiated this action by filing a *pro se* civil rights complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff is proceeding on his second amended complaint filed May 18, 2020. (Doc. No. 19). The court granted plaintiff's motion for leave to proceed *in forma pauperis* due to his indigency. (Doc. No. 7). The court has not yet completed a screening of plaintiff's second amended complaint. *See* 28 U.S.C. § 1915A. Plaintiff requests the appointment of counsel for the following reasons: (1) he claims to have mental health issues and suffers from anxiety and depression; (2) prison officials are retaliating against him for filing the instant complaint; and, (3) his case involves extensive discovery, including depositions of prison officials and inmate witnesses. (*See generally* Doc. No. 21).

1    The court previously denied plaintiff appointment of counsel on two occasions. (See Doc.
2    Nos. 11, 17). The United States Constitution does not require appointment of counsel in civil
3    cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at
4    817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this
5    court has discretionary authority to appoint counsel for an indigent party to commence, prosecute,
6    or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint
7    counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180
8    (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil
9    cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted
10   only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to
11   determine if exceptional circumstances warrant appointment of counsel including, but not limited
12   to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to
13   articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see
14   also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds
15   on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

16   Plaintiff's third motion seeking appointment of counsel has not met his "burden of
17   demonstrating exceptional circumstances*." Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal.
18   Jan. 14, 2014). Plaintiff does not indicate how his anxiety and depression affects his ability to
19   prosecute this action. Indeed, a review of the pleadings filed by plaintiff to date show he can
20   articulate his claims in this case. *See Brown v. Reif*, 2019 WL 989874, at *2 (E.D. Cal. Mar. 1,
21   2019) (denying appointment of counsel where the plaintiff's filing demonstrate ability to properly
22   litigate case despite mental illness).

23   Although plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all
24   *pro se* prisoners face. Challenges conducting discovery and preparing for trial "are ordinary for
25   prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel.
26   *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020). The claims plaintiff
27   alleges are not "so complex that due process violations will occur absent the presence of
28   counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). While the assistance of

counsel during trial may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness.  *Howard*, 2010 WL 1641087, at *2.

While plaintiff believes his second amended complaint raises a meritorious claim, the court has not yet screened plaintiff's second amended complaint; and, thus the court cannot assess whether plaintiff will succeed on the merits. There is therefore no basis for the court taking the extraordinary step of appointing counsel.  Should this case progress and plaintiff's situation change such that he can demonstrate exceptional circumstances, he may renew his motion for appointment of counsel at that time.

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 21) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   May 12, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3