1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARLIN PENN,                              Case No.  1:18-cv-01482-AWI-HBK (PC)

12                   Plaintiff,                 ORDER DENYING PLAINTIFF'S FOURTH
                                                MOTION TO APPOINT COUNSEL
13           v.
                                                (Doc. No.  47)
14    A. LUCAS, ET. AL.,

15                   Defendants.

16

17          Pending before the Court is Plaintiff's fourth motion to appoint counsel, filed May 26,

18    2022.  (Doc. No. 47).  Plaintiff believes it will be impossible to proceed in this action without

19    counsel because he is experiencing loss of hearing and dizziness from an April 2022 assault and

20    because his legal material and typewriter were taken from him.  (*Id.* at 1-2).  He states that on

21    April 8, 2022, Salinas Valley State Prison Custody Staff assaulted him.  (*Id.* at 1).  Plaintiff

22    believes "it is very likely" he was attacked because of this pending civil rights action. (*Id.*).  He

23    further alleges that due to him complaining about the assault, he was charged with "battery on a

24    peace officer" and "separated from his legal documents and typewriter." (*Id.*).  Plaintiff also

25    alleges he has no access to legal books and documents and that his U.S Postal Mail "is severally

26    circumvented by CDCR and the state of California." (*Id.*).

27          In apparent support of his mail tampering allegations, Plaintiff states Deputy Attorney

28    General Corso received a copy of a letter Plaintiff drafted to Judge Newman and he is unsure why

1    the attorney received the letter.  (*Id.* at 2).  Plaintiff also questions why the Court has not

2    responded to his letter asking to reschedule the settlement conference.  (*Id.*).

3         The Court first addresses Plaintiff's questions concerning the mail and then turns to

4    address his motion to appoint counsel.  Letters to the Court or to judges are often stricken and

5    returned to the sender.  (Doc. No. 2 at 2). To the extent Plaintiff wishes to request relief from the

6    Court a motion must be filed in the Court requesting the relief Plaintiff seeks.  (*Id.*).  Further, the

7    settlement conference in this case resulted in an impasse. (Doc. No. 45).

8         Regarding Plaintiff's request for appointment of counsel, the Court has previously

9    explained that the United States Constitution does not require appointment of counsel in civil

10   cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at

11   817, did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this

12   court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or

13   defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint

14   counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180

15   (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil

16   cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted

17   only in "exceptional circumstances."  *Id.* at 1181.  The court may consider many factors to

18   determine if exceptional circumstances warrant appointment of counsel including, but not limited

19   to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to

20   articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see*

21   *also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*

22   *on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

23        The Court has previously denied Plaintiff's three prior motions to appoint counsel. (Doc.

24   No. 22 at 2) (referring to the prior two motions to appoint counsel).  Like before, Plaintiff has not

25   met his "burden of demonstrating exceptional circumstances*." Jones v. Chen*, 2014 WL

26   12684497, at *1 (E.D. Cal. Jan. 14, 2014).   While it is unfortunate Plaintiff is now housed in

27   secured housing due to the altercation with correctional staff, many prisoner-plaintiffs litigate

28   while in secured housing.  Normal challenges faced by *pro se* litigants do not warrant

1   appointment of counsel. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying

2   appointment of counsel because the plaintiff's "circumstances were not exceptionally different

3   from the majority of the challenges faced by *pro se* litigants.").

4       Plaintiff has capably filed motions and his complaint has plausibly stated a claim to

5   survive an initial screening.   Plaintiff does not need a typewriter to litigate his action.  While

6   there are deadlines set forth in the Case Management and Scheduling order, no deadline for

7   Plaintiff is imminent and discovery does not conclude until December 19, 2022.  (Doc. No. 46).

8   Plaintiff has not demonstrated exceptional circumstances warrant appointment of counsel at this

9   stage of the proceedings.

10       Accordingly, it is **ORDERED**:

11       Plaintiff's fourth motion to appoint counsel (Doc. No. 47) is DENIED.

12

13   Dated:    June 3, 2022

14                                 HELENA M. BARCH-KUCHTA

15                                 UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28