UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN PENN, | Case No. 1:18-cv-01482-AWI-HBK (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| v. | |
| A. LUCAS, ET. AL., | FOURTEEN-DAY OBJECTION PERIOD |
| Defendants. | (Doc. No. 48) |

## I. BACKGROUND AND FACTS

Plaintiff Marlin Penn is a prisoner proceeding *pro se* on his civil rights complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff is proceeding on his second amended complaint. (Doc. No. 19, SAC). Pending before the Court is Plaintiff's "request for immediate injunctive relief," construed to be a motion for a preliminary injunction, filed on May 31, 2022. For the reasons set forth below, the undersigned recommends the district court deny Plaintiff's motion for injunctive relief.

In the instant motion, Plaintiff seeks "immediate relief regarding his current housing in CSR/SCSP Ad. Seg." (Doc. No. at 1). Plaintiff alleges correctional staff assaulted him on April 8, 2022, and he sustained injuries. (*Id.*). Plaintiff further alleges correctional staff "falsely accused Plaintiff of staff assault, but not adjudication has been made due to time restraint expiring on 9/21/22." (*Id.*). Based on the foregoing, Plaintiff claims his confinement in administrative

segregation is "illegal and [punitive] for filing this instant case." (*Id*.).

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders.  A preliminary injunction requires "notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  A temporary restraining order may be issued "without notice" only if "specific facts in an affidavit or a verified complaint clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating, "any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b).

Temporary restraining orders and preliminary injunctions are governed by the same standard, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a).  Eastern District of California Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date.  Local Rule 231(a)-(b) (E.D. Cal. 2022).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).  Both preliminary injunctions and temporary restraining orders require briefs on the relevant issues, affidavits, and proposed order for a bond.  Local Rule 230.

Because a temporary restraining order or preliminary injunction is "an extraordinary remedy," it may be issued only if the moving party establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008).  The moving party bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  A TRO will not issue if the moving party merely shows irreparable harm is possible – a showing of

likelihood is required. *Id.* at 1131. The Ninth Circuit also has a second test, holding that a party requesting relief is entitled to a preliminary injunction if he or she demonstrates: (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Zepeda v. U.S. Immigr. & Naturalization Serv*, 753 F.2d 719, 727 (9th Cir. 1985); *see also McKinney v. Hill*, 925 F.2d at 1470 (9th Cir. 1991) (noting same).

The injunctive relief an applicant requests must relate to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief. *Id.* at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The Court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020). Further, state governments have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs." *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations omitted). This

deference applies even more strongly when the Court is asked to involve itself in the administrative decisions of a prison. *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

### III. DISCUSSION

The undersigned finds Plaintiff's motion facially deficient and otherwise lacking merit to warrant issuance of injunctive relief. At the outset, the injunctive relief Plaintiff seeks, an order enjoining correctional officials from housing Plaintiff in administrative segregation, does not relate to the claims brought in the SAC, which pertain to other incidents of fabricated rules violation reports that resulted in different housing assignments. Absent a nexus between the injury claimed in the motion and the underlying complaint, the Court lacks the authority to grant Plaintiff any relief.

Further, Plaintiff fails to address any of the four factors necessary to warrant an issuance of a preliminary injunction. In applying the four factors, significant here is Plaintiff's unlikelihood of success on the merits and inability to show that he is likely to suffer irreparable harm by his continued housing in administrative segregation. It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983) (holding prisoners maintain no expectation that they will be confined in any particular prison); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding prisoners have no expectation that they will be confined in any particular facility); *Montayne v. Haymes*, 427 U.S. 236, 242 (1976) (holding prisoner had no right to remain at any particular prison facility). Moreover, decisions regarding where to house inmates is at the core of prison administrators' expertise. *McKune v. Lile*, 536 U.S. 24, 39 (2002)(citing *Meachum*, 427 U.S. at 225). Here, the gist of Plaintiff's complaint is that he should not be confined in administrative segregation.

As to the imminent harm prong, Plaintiff has not shown he is likely to suffer irreparable harm to warrant the extraordinary exercise of immediate injunctive relief to direct where the CDCR houses Plaintiff. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Mester v. Dickinson*, 2010 WL 1658472, *2 (April

23, 2010) (citing *Caribbean Marine Servc. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (other citations omitted)).  A presently existing actual threat must be shown.  *Id.* (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 130-31 (1969); *FDIC v. Garner*, 125 F.3d 1272, 1279-80 (9th Cir. 1997), *cert. denied*, 523 U.S. 1020 (1998); *Caribbean Marine,* 844 F.2d at 674).

It is **RECOMMENDED**:

Plaintiff's motion for a preliminary injunction (Doc. No. 48) be DENIED.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case under the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  June 7, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE