UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN PENN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. LUCAS, ET. AL.,<br><br>　　　　　Defendants. | Case No.  1:18-cv-1482-AWI-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>FOURNTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No.  61) |

　　　　Pending before the Court is Plaintiff's pleading titled "motion for injunctive relief" filed on September 12, 2022.  (Doc. No. 61, "Motion").   Defendants filed an opposition to Plaintiff's Motion on September 14, 2022.  (Doc. No. 62). For the reasons discussed below, the undersigned recommends the district court deny Plaintiff's Motion.

**BACKGROUND AND FACTS**

　　　　Plaintiff Marlin Penn is a prisoner proceeding *pro se* on his civil rights complaint filed under 42 U.S.C. § 1983.  (Doc. No. 1).  Plaintiff is proceeding on his second amended complaint. (Doc. No. 19, SAC).  Plaintiff, in his two-page motion, requests the court to order unspecified correctional officials to provide him unfettered access to the prison's law library and provide him with a typewriter.  (Doc. No. 61 at 1).  Plaintiff claims he has been denied access to the library since July 8, 2022.  (*Id.*).  Plaintiff further states that, although his current housing status allows him to have a typewriter, staff "refuse to allow [him] to possess my typewriter." (*Id*).   Plaintiff

submits staff's refusal to provide him a typewriter is "an attempt to keep [him] from addressing the pending motion for summary judgment." (*Id.*).

In opposition, Defendants argue the Court lacks jurisdiction over the individuals referenced in the motion because Plaintiff does not create a nexus between this matter and the injunction sought. (Doc. No. 62 at 1). Further, Defendants argue Plaintiff fails to demonstrate any risk of actual prejudice necessary to receive an injunction. (*Id.*).

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. A preliminary injunction requires "notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A temporary restraining order may be issued "without notice" only if "specific facts in an affidavit or a verified complaint clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating, "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders and preliminary injunctions are governed by the same standard, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a). Eastern District of California Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. Local Rule 231(a)-(b) (E.D. Cal. 2022). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). Both preliminary injunctions and temporary restraining orders require briefs on the relevant issues, affidavits, and proposed order for a bond. Local Rule 230.

Because a temporary restraining order or preliminary injunction is "an extraordinary remedy," it may be issued only if the moving party establishes: (1) likelihood of success on the

merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A TRO will not issue if the moving party merely shows irreparable harm is possible – a showing of likelihood is required. *Id.* at 1131. The Ninth Circuit also has a second test, holding that a party requesting relief is entitled to a preliminary injunction if he or she demonstrates: (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Zepeda v. U.S. Immigr. & Naturalization Serv*, 753 F.2d 719, 727 (9th Cir. 1985); *see also McKinney v. Hill*, 925 F.2d at 1470 (9th Cir. 1991) (noting same).

The injunctive relief an applicant requests must relate to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief. *Id.* at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The Court's jurisdiction is "limited

to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020). Further, state governments have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs." *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations omitted). This deference applies even more strongly when the Court is asked to involve itself in the administrative decisions of a prison. *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

### III. DISCUSSION

To the extent Plaintiff seeks preliminary injunctive relief, the motion is procedurally defective and is subject to denial on that basis. Specifically, the motion fails to address any of the factors *Winter* factors or provide any of the information required by Local Rule 231(d).

Even if the Court addresses the merits of the Motion, the requested injunctive relief sought by Plaintiff—an order directing correctional officials at California State Prison-Corcoran to provide him unfettered access to the law library and a typewriter—does not relate to the claims brought in the SAC, which pertain to incidents of fabricated rules violation reports that resulted in different housing assignments at Kern Valley Correctional Institution. Absent a nexus between the injury claimed in the motion and the underlying complaint, the Court lacks the authority to grant Plaintiff any relief.

Nor does Plaintiff demonstrate any risk of prejudice necessary to granting an injunction. A prisoner has a constitutionally protected right of access to courts guaranteed by the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Implicit within this right of access to courts is the prisoner's right to have access to adequate law libraries or legal assistance from trained individuals. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Id.* at 828 (emphasis added) (footnote omitted). Precedent "does not dictate a minimum number of hours or any other requirement for satisfying the right of access" to them. *Witkin v. Swarthout*,

2013 WL 6054451, at *2 (E.D. Cal. Nov. 15, 2013).  A limitation on an inmate's access to copy machines is "ordinary" and permissible as long as some access is allowed.  *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009).  Because there is no established minimum requirement for satisfying the access requirement; "a reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access." *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir. 1989) (internal quotations omitted).

First, access to a typewriter is not a prerequisite to filing in this court.  Plaintiff has filed most of his pleadings handwritten.  While Plaintiff may prefer to use his typewriter, correctional officials are not required to provide him with access to a typewriter under the First Amendment.

Second, to the extent Plaintiff requires access to the prison's law library, he must follow institutional rules to gain access to the law library.  Plaintiff filed this action more than four years ago and has filed numerous pleadings demonstrating that he has been given access to legal services.  The Court notes Defendants filed a motion for summary judgment on July 18, 2022. (Doc. No. 54).  The Court previously granted Plaintiff's motion seeking an extension of time to oppose the summary judgment, allowing him until October 17, 2022 to provide his response to correctional officials for mailing.  (Doc. No. 59).  Thus, almost a month remains on that deadline.

As a courtesy, the Court will direct the Clerk of Court to provide a copy of this order to the Litigation Coordinator at Plaintiff's current place of incarceration, California State Prison, Corcoran, so officials are aware Plaintiff is under a court-ordered deadline to respond to a motion for summary judgment in a civil rights action.  Plaintiff should advise correctional officials that he is under a court-ordered deadline when seeking access to the law library.  If Plaintiff requires more time to file an opposition to the Defendants' summary judgment motion, he may file a motion for an extension of time, as he has done in the past.

Accordingly, it is **ORDERED**:

The Clerk of Court shall provide a copy of this Order to the Litigation Coordinator at Plaintiff's current place of custody California State Prison, Corcoran so officials are aware the Plaintiff is under a court-ordered deadline to respond.

////

It is further **RECOMMENDED**:

Plaintiff's motion for a preliminary injunction (Doc. No. 61) be DENIED for the reasons set forth above.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case under the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   September 15, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE