UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN PENN,<br><br>           Plaintiff,<br><br>   v.<br><br>A. LUCAS, ET. AL.,<br><br>           Defendants. | Case No. 1:18-CV-01482-AWI-HBK (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE AND DIRECTING CLERK TO STRIKE PLAINTIFF'S SURREPLY<br><br>(Doc. Nos. 70, 71) |

    Pending before the Court is Defendants' motion to strike filed on October 24, 2022. (Doc. No. 71). Defendants request the Court to strike Plaintiff's surreply filed on October 13, 2022. (Doc. No. 70). The Court grants the motion.

## I. BACKGROUND

    Plaintiff Marlin Penn, a state prisoner, is proceeding on his second amended complaint. (Doc. No. 13). On July 18, 2022, Defendants Pfeiffer and Hernandez filed an exhaustion-based motion for summary judgment. (Doc. No. 54). On September 22, 2022, after being granted an extension of time, Plaintiff filed an opposition with 48 pages of exhibits and his response to Defendants' statement of undisputed facts. (Doc. Nos. 64, 65). Thereafter, without requesting leave, Plaintiff filed a surreply on October 13, 2022. (Doc. No. 71). The surreply consists of 46 pages. Plaintiff argues an appeal was returned as unauthorized because inmates are not allowed more than one emergency appeal within a fourteen-day period per CDCR exhaustion policies.

(Doc. No. 70 at 1). Plaintiff then lists the appeals he submitted and attaches copies of the appeals and responses. (*Id.* at 8-46). In moving to strike, Defendants argue Plaintiff reasserts the same arguments he raised in his opposition and his surreply is merely an improper attempt to "get the last word." (Doc. No. 71 at 2).

## II. APPLICABLE LAW AND ANALYSIS

Neither the Federal Rules of Civil Procedure, nor the Local Rules for the Eastern District of California permit the filing of a surreply as a matter of right. *See Garcia v. Biter*, 195 F.Supp.3d at 1131 (E.D. Ca. July 18, 2016) (noting the plaintiff did not have a right to file a surreply under the local rules or under the Federal Rules of Civil Procedure). Courts, however, have discretion to permit, or preclude, a surreply. *Id.* at 1133 (citations omitted). While courts provide *pro se* litigants leniency, they generally view motions for leave to file a surreply with disfavor and will not consider granting a motion seeking leave to file a surreply absent good cause shown. *Id.* (citations omitted).

Plaintiff did not move for leave prior to filing his surreply. Nor does Plaintiff show good cause to file a surreply. As correctly pointed out by Defendants, Plaintiff merely rehashes the same arguments and submits the same exhibits set forth in his opposition. A court may strike any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Thus, the Court grants Defendants' motion and will strike Plaintiff's surreply. If the Court requires clarification or additional briefing after reviewing Defendants' exhaustion-based motion for summary judgment and Plaintiff's opposition, the Court will direct supplemental briefing from the parties at that time.

Accordingly, it is **ORDERED**:

Defendants' motion to strike (Doc. No. 71) is GRANTED. The Clerk of Court shall strike Plaintiff's surreply (Doc. No. 70).

Dated: October 26, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2