UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN PENN,<br><br>    Plaintiff,<br><br>    v.<br><br>A. LUCAS, M. HERNANDEZ, and CHRISTIAN PFEIFFER.,<br><br>    Defendants. | Case No. 1:18-cv-01482-AWI-HBK (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY<br><br>(Doc. No. 67) |

    Pending before the Court is Defendants' motion to modify scheduling order and stay discovery filed September 28, 2022. (Doc. No. 67). Plaintiff has not filed a response and the time to do so has expired.

    Plaintiff, a prisoner, is proceeding on his second amended complaint against Defendants Lucas, Hernandez, and Pfeiffer as screened. (Doc. Nos. 19, 23, 25). On July 18, 2022, Defendants Hernandez and Pfeiffer filed an exhaustion-based motion for summary judgment. (Doc. No. 54). The motion is ripe but remains pending. The current Scheduling Order require the parties to complete discovery by December 19, 2022 and file merits-based dispositive motions by April 3, 2023. (Doc. No. 46). Defendants seek to stay discovery, or other scheduling deadlines, until a ruling is issued on their exhaustion-based motion for summary judgment. Defendants argue good cause for staying discovery while an exhaustion-based motion is pending review, pointing to supporting case law. (Doc. No. 67 at 3-4)(citing *Albino v. Baca*, 747 F.3d

1162, 1170-71 (9th Cir. 2014), *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987)).

The Court is vested with broad discretion to stay a case. *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A court may stay its proceedings to promote judicial economy and the fair and efficient adjudication of the matter at hand. Fed. R. Civ. P. 1 (providing for the district courts "to secure the just, speedy, and inexpensive determination of every action and proceeding."). A court may relieve a party of the burdens of discovery where a dispositive motion is pending and discovery is not required to address the issues raised in the motion. *Jarvis*, 833 F.2d 149, 155 (9th Cir. 1987). Courts often consider the following two factors before issuing a stay: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed; and (2) whether the pending potentially dispositive motion can be decided absent additional discovery. *Mlejnecky v. Olympus Imaging Am. Inc.*, No. 2:10-cv-02630-JAM-KJN, 2011 WL 489743, *6 (E.D. Cal. Feb. 7, 2011).

Under Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard of Rule 16(b) focuses primarily on the diligence of the moving party and the reasons for seeking modification. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This Court has found good cause to stay a case pending resolution of a motion for summary judgment. *See Smith v. Martinez*, No. 1:17-cv-01092-AWI-MJS (PC), 2018 WL 1413712, at *1 (E.D. Cal. Mar. 21, 2018); *Henry v. Contreras*, No. 1:14-cv-00791-LJO-SKO-PC, 2016 WL 232317, at *2 (E.D. Cal. Jan. 20, 2016). Moreover, this court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Here, good cause is present to modify the scheduling order and to stay discovery pending the exhaustion-based motion for summary judgment. Defendants' motion is potentially dispositive of the entire action as to at least two defendants. No additional discovery appears necessary to resolve the exhaustion-based motion that is now ripe for review. By staying the case now, the Court will prevent duplication of efforts on the part of the State, Plaintiff, and the

Court. There is no reason to believe, and Plaintiff has not argued, much less responded, that a stay will prejudice him.

Accordingly, it is **ORDERED**:

1. Defendants' motion to stay merits-based discovery (Doc. No. 67) is GRANTED.
2. The deadlines in the Court's April 21, 2022 discovery and scheduling order (Doc. No. 46) are STAYED.
3. A modified scheduling and discovery order will issue after the Court adjudicates Defendants' exhaustion-based motion for summary judgment.

Dated:  October 27, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE