UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN PENN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. LUCAS,<br><br>　　　　　Defendant. | Case No.  1:18-cv-01482-AWI-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S CONSTRUED MOTION FOR MANDAMUS RELIEF<br><br>(Doc. No.  88) |

　　　　Pending before the Court is Plaintiff's one-paragraph motion titled "Motion for Injunctive Relief" and "Change of Address Notice" filed April 27, 2023.  (Doc. No. 88).  Plaintiff advises of his change of address to Kern Valley State Prison his seeks an order from this Court directing unidentified correctional officials to "retrieve and produce" Plaintiff's personal and legal property.  (*Id.*).  On May 16, 2023, Defendant filed an opposition to the motion arguing the motion is moot, this Court lacks jurisdiction over the motion, and the motion is deficient motion and should be denied.  (Doc. No. 90).  Defendant filed the Declaration of Brian Hancock, Litigation Coordinator at Kern Valley State Prison, in support of the opposition.  (Doc. No. 90-1). In support of his Declaration, Mr. Hancock attaches two exhibits: (1) "a true and correct copy of Plaintiff's "Property Receipt/Disposition," which reflects that Plaintiff signed for his property on April 25, 2023; and (2) a copy of Plaintiff's "Personal Property Inventory," which reflects that items listed and all "Remaining Inventory" are in the "Inmate['s] Possession."  (*Id.*, ¶¶ 2-3,

Exhibits A, B). Plaintiff did not file a reply to the opposition and time to do so has expired. Local Rule 230(l).

Although Plaintiff style's his Motion as a Motion for Injunctive Relief, a motion's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, the courts "construe [the motion], however styled, to be the type proper for the relief requested." *Id*. Because Plaintiff seeks an order mandating correctional officials to deliver his personal and legal property, the Court construes the motion as seeking mandamus relief under 28 U.S.C. § 1651, known as the All-Writs Act. This Court, however, lacks jurisdiction to issue a writ of mandamus to state officials. *Demos v. United State Dist. Court of E. Dist. Of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991). The Court only has "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Even if the Court construes the motion as titled, injunctive relief is deemed extraordinary relief and requires a movant to comply with the procedural requirements set forth in Federal Rules of Civil Procedure 65 (b) and Local Rule 231. *See also*, Local Rule 231(c) (E.D. Cal. 2022). Plaintiff's motion is procedurally deficient as it fails to address any of the factors or comply with the Court's Local Rules to warrant this type of extraordinary relief. Thus, based on the procedural infirmities alone the Court may deny the motion due to its deficiencies. *Bennett v. Ponce*, No. LA-CV-18-04996-VBF-AS, 2019 WL 8589408, at *1 (C.D. Cal. Jan. 24, 2019).

Finally, based on the Declaration of Brian Hancock, Litigation Coordinator at Kern Valley State Prison, and the exhibits attached to his Declaration, Plaintiff has received all his property after his recent transfer from California State Prison to Kern Valley State Prison. Thus, his motion is otherwise moot.

////
////
////
////

Accordingly, it is **ORDERED**:

Plaintiff's construed motion for mandamus relief is (Doc. No. 88) is DENIED or otherwise MOOT.

Dated: June 10, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE