UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN PENN,<br><br>        Plaintiff,<br><br>    v.<br><br>A. LUCAS,<br><br>        Defendant. | Case No. 1:18-cv-01482-AWI-HBK (PC)<br><br>ORDER FINDING PLAINTIFF'S MOTION TO STAY MOOT<br><br>(Doc. No. 84) |

      Pending before the Court is Plaintiff's motion to stay, filed April 27, 2023. (Doc. No. 84). Plaintiff seeks a stay of this action due to his placement in restrictive housing. (*Id*.). On May 3, 2023, Defendant filed an opposition to the motion arguing the motion is moot because Plaintiff is no longer housed in restrictive housing. (Doc. No. 89). Defendant filed the Declaration of Brian Hancock, Litigation Coordinator at Kern Valley State Prison, in support of the opposition. (Doc. No. 89-1). Mr. Hancock attaches to his Declaration as an exhibit, "a true and correct copy of Plaintiff Marlin Penn's "External Movements" worksheet that covers the period from October 11, 2022 to April 25, 2023," which show that on April 25, 203 Plaintiff was moved from California's State Prison's short term restrictive housing to Facility "A" at Kern Valley State Prison. (*Id*., ¶ 2, Exhibit A). Facility "A" is not a restricted housing unit. (*Id*.). Plaintiff did not file a reply to the opposition and time to do so has expired. Local Rule 230(l).

      The court is vested with broad discretion to stay a case. *Clinton v. Jones*, 520 U.S. 681,

1  705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  The "party
2  requesting a stay bears the burden of showing that the circumstances justify an exercise of that
3  discretion."  *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  As a rule, "stays should not be
4  indefinite in nature."  *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059,
5  1066-67 (9th Cir. 2007).  If a stay is especially long or indefinite, a greater showing is required to
6  justify it and the court must "balance the length of any stay against the strength of the justification
7  given for it."  *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

8  Courts consider the following factors to determine if a  stay is warranted: (1) the possible
9  damage from the granting of a stay; (2) the hardship or inequity a party may suffer in being
10  required to go forward; (3) the orderly course of justice measured in terms of simplifying or
11  complicating of issues, proof, and questions of law which could be expected to result from the
12  tsay; (4) the interests of plaintiffs in proceeding expeditiously with the  litigation; (5)the
13  convenience of the Court in the management to fits cases and the efficient use of judicial
14  resources.  *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962) (listing above factors to
15  consider) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)*; see also Hammond
16  v. Mgmt & Training Corp.*, No. 1:13-cv-01209-AWI-JLT (E.D. Cal. Nov. 13, 2013).

17  Plaintiff has not addressed any of the factors to warrant a stay of this action.  The Court,
18  however, need not address the merits of Plaintiff's motion because it became moot once Plaintiff
19  was released from restrictive housing on April 25, 2023.

20  Accordingly, it is **ORDERED**:
21  Plaintiff's motion to stay (Doc. No. 84) is MOOT.

23  Dated:     June 10, 2023
24  HELENA M. BARCH-KUCHTA
   UNITED STATES MAGISTRATE JUDGE

2