UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN PENN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. LUCAS,<br><br>　　　　　Defendant. | Case No.  1:18-cv-01482-KES-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY<br><br>(Doc. No.  115) |

　　　　Pending before the Court is Plaintiff's Motion to File a Surreply, filed on April 15, 2024. (Doc. No. 115, "Motion").  Plaintiff seeks leave to file a limited surreply to address Defendant's defense of qualified immunity, which Plaintiff states Defendant raises in his Reply for the first time.  (*Id*. at 1).  Plaintiff also filed a proposed three-page surreply.  (Doc. No. 116).

　　　　Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired.  E.D. Cal. Local Rule 230(l); *see also Garcia v. Biter*, 195 F. Supp.3d at 1131, 1133 (E.D. Cal. July 18, 2016).  The Court generally views motions for leave to file a surreply with disfavor.  *Id.* (citing *U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit inequitable surreply); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n. 14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply; *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply

may not be considered without giving the non-movant an opportunity to respond). However, a court may allow a sur-reply to be filed where there is a valid reason for such additional briefing, such as to prevent unfair prejudice. *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. 2005). "In this Circuit, courts are required to afford *pro se* litigants additional leniency." *Hester v. Clendenin*, 2022 WL 2541632, at *2 (E.D. Cal. Jul. 7, 2022) (citing *Wilhelm v. Rotman*, 680 F.3dd 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. DiVittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)), *findings and recommendations adopted by*, 2022 WL 3587803 (E.D. Cal. Aug. 22, 2022).

Here, the Court disagrees with Plaintiff's contention that Defendant raised the defense of qualified immunity for the first time in his Reply. Defendant's Motion for Summary Judgment asserts, *inter alia*, "[e]ven if the evidence established a First Amendment violation, Lucas is protected by qualified immunity" and notes, "a reasonable Appeals Coordinator would not believe that he is violating the First Amendment by adjudicating an inmate's prison appeals by following established Title 15 regulations." (Doc. No. 99 at 17). Nevertheless, given the limited nature of Plaintiff's proposed surreply and his pro se status, in the interests of justice the Court will permit Plaintiff leave to file a limited surreply and will consider Plaintiff's surreply (Doc. No. 116) when issuing its Findings and Recommendations on Defendant's Motion for Summary Judgment.

Accordingly, it is **ORDERED**:

Plaintiff's motion for leave to file a surreply is GRANTED to the extent set forth herein. (Doc. No. 115).

Dated: April 26, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE