UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN PENN,<br><br>        Plaintiff,<br><br>    v.<br><br>A. LUCAS,<br><br>        Respondent. | Case No. 1:18-cv-01482-KES-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S CONSTRUED MOTION FOR COURT ORDER<br><br>(Doc. No. 121) |

Pending before the Court is Plaintiff's "Motion for a Temporary Restraining Order and Injunctive Relief." (Doc. No. 121, "Motion"). Defendant timely filed an Opposition. (Doc. No. 122). As explained below, Plaintiff's pending motion may be resolved by order rather than by finding and recommendations because the motion does not seek dispositive relief on the merits of the claim which this action proceeds. *See Shields v. Cannon*, 2012 WL 1604877 (E.D. Cal. May 7, 2012) (magistrate judge may issue orders addressing procedures parties utilize in litigating a case, unrelated to merits of the action). The Court denies the Motion without prejudice.

**I. BACKGROUND**

This case proceeds on Plaintiff's Second Amended Complaint ("SAC") against Defendant A. Lucas, as screened, alleging that Lucas, the Appeals Coordinator at Kern Valley State Prison ("KVSP"), retaliated against Plaintiff in violation of the First Amendment by failing to process six of Plaintiff's staff complaints and issuing Plaintiff an "appeal abuse warning." (*See* Doc. Nos.

1  19, 23, 25). On August 19, 2024, the undersigned issued a findings and recommendations

2  ("F&R") to grant Defendant A. Lucas' Motion for Summary Judgment because there is no

3  genuine dispute that Lucas did not violate Plaintiff's constitutional rights. (*See* Doc. No. 118).

4  While the F&R was pending before the District Court, Plaintiff filed the instant Motion for

5  injunctive relief. (Doc. No. 121).

6  In the Motion, Plaintiff requests that the Court order Warden Pfeiffer of KVSP to release

7  him from restrictive housing and transfer him to another prison other than Salinas Valley State

8  Prison ("SVSP"). (*Id*. at 2). Plaintiff alleges that he was wrongfully placed in restrictive housing

9  after a correctional officer "used" another inmate to file a false complaint against him in

10  retaliation for Plaintiff's preceding complaint to internal affairs. (*Id*. at 1-2).

11  Plaintiff further alleges that on August 15, 2024, he was prevented from attending a court-

12  appointed settlement conference for a pending civil suit stemming from events at SVSP. (Doc.

13  No. 121 at 2).[1] Plaintiff claims that KVSP staff, at the direction of Warden Pfeiffer, refused to

14  remove Plaintiff from restrictive housing to allow him to attend the August 15 settlement

15  conference. (*Id*.). Additionally, Plaintiff alleges that Pfeiffer called him before the Institutional

16  Classification Committee ("ICC") during the scheduled time of the August 15 settlement

17  conference, further interfering with Plaintiff's ability to attend the settlement conference. (*Id*.).

18  **II. APPLICABLE LAW AND ANALYSIS**

19  While Plaintiff's pleading is styled as a Motion for Temporary Restraining Order, the

20  Motion may be resolved by order rather than by findings and recommendations because it does

21  not seek dispositive relief on the merits of the claim on which this action proceeds. *See DePonte*

22  *v. Bowman*, 2024 WL 3471305, at *1 (E.D. Cal. July 19, 2024) (citing *Shields v. Cannon*, 2012

---

[1] It is unclear to which pending civil case Plaintiff refers here. The Court takes judicial notice of the fact that there is no case corresponding to 23-cv-00126-RFL the case number Plaintiff cites. E.D. Cal. Case No. 1:23-cv-00126-ADA-SKO concerns a Petition for Writ of Habeas Corpus filed by a different prisoner. That case was closed on April 7, 2023, well before August 15, 2024. E.D. Cal. Case No. 2:23-cv-00126-KJN also involves claims by a different plaintiff, brought against Bank of America. Court records do not indicate any other pending civil case for Plaintiff in the Eastern District of California, with his most recent case having closed in 2012. Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

1  WL 1604877, at *1-2 (E.D. Cal. May 7, 2012) (request by plaintiff for order allowing law library
2  access, unrelated to merits of action, may be addressed by order).  Although the Motion is styled
3  as a request for injunctive relief, "nomenclature is not controlling." *Miller v. Transamerican*
4  *Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone*
5  *Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)).  Instead, we "construe [the
6  motion], however styled, to be the type proper for the relief requested." *Id.*

### A. Motion for Order to Stop Legal Interference

To the extent that Plaintiff seeks relief from interference with his ability to attend the August 15 settlement conference, the Court construes the Motion for injunctive relief as a motion to stop legal interference.  *See Shields*, 2012 WL 1604877 at *2-3 (a motion that does not seek dispositive relief on the merits of the complaint is not, without more, a motion for injunctive relief simply because the parties are directed in their activities by a magistrate judge).

As an initial matter, Plaintiff seeks orders against Warden Pfeiffer, who is not a party to Plaintiff's underlying action.  (*See* Doc. Nos. 80, 121).  `Following the dismissal of Defendants Pfeiffer and Hernandez on December 14, 2022, this action proceeds only against Defendant Lucas.  (*See* Doc. No. 80).  The Court has no authority to issue orders against individuals who are not parties to a suit pending before it.  *Zenith v. Radio Corp. v. Hazeltine Research*, 395 U.S. 100, 112 (1969).  Thus, an order against Defendant Pfeiffer is not a viable remedy.

Further, Plaintiff's vague allegations that Warden Pfeiffer interfered with his ability to attend the August 15, 2024 settlement conference are not related to the instant action involving retaliation allegations against Defendant Lucas.  (Doc. No. 121 at 2).  Not only does the Motion fail to allege any interference with Plaintiff's ability to litigate the instant case, as noted above, the Court was unable to locate the pending civil case which Plaintiff references, making it unclear if the alleged interference has impeded his ability to litigate any pending legal claim at all.  The Court is not able to grant relief based on these vague and unrelated allegations.[2]  (*See Deponte v.*

---

[2] While the Court understands this motion is a different posture, the injunctive relief an applicant requests must relate to the claims brought in the complaint.  *Cf. Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  Absent a nexus between

3

*Bowman*, 2024 WL 3471305, at *4-5 (E.D. Cal. Jul. 18, 2024) (motion for order to stop legal interference denied because of sparse allegations and unclear connection between the instant action and the relief sought).

To the extent Plaintiff believes he was wrongfully placed in restrictive housing out of retaliation for filing an internal affairs complaint, that is a separate claim which may be pursued by filing a separate civil rights action pursuant to 42 U.S.C. §1983 after Plaintiff exhausts his state administrative remedies.

**B. Writ of Mandamus**

Alternatively, the Court may construe a request that it order a state officer or agency to perform certain duties not as a request for injunctive or declaratory relief but a request for a writ of mandamus. *Kress v. Copple-Trout*, 2008 WL 2095602, at *4-5 (D. Idaho May 16, 2008); *Posilero v. Los Angeles Superior Court*, 2009 WL 585840, at *2 (N.D. Cal. Mar. 05, 2009). Courts throughout the United States have ruled that a request for injunctive or declaratory relief, which asks a federal court to order a state officer or agency to perform certain duties, is not a request for injunctive or declaratory relief—it is a request for a writ of mandamus. *Kress v. Copple-Trout*, 2008 WL 2095602, at *4-5 (D. Idaho May 16, 2008); *Posilero v. Los Angeles Superior Court*, 2009 WL 585840, at *2 (N.D. Cal. Mar. 05, 2009).

To the extent that Plaintiff is seeking mandamus relief through his request for removal from restrictive housing and transfer to another prison, this Court lacks jurisdiction over Warden Pfeiffer, the State employee to whom that directive would be issued. *Sewell v. Corcoran*, 2018 WL 4914231, at *5 (D. Md. Oct. 10, 2018) (citing *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969)); *Muses v Superior Court*, 1995 WL 261393 at *1 (N.D. Cal. April 25, 1995). Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner, but this Court has no mandamus jurisdiction over State employees. *Spengler v. AG Office*, 2019 WL 8112903, at *6-7 (C.D. Cal.

---

the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief. *Id.* at 636.

Dec. 3, 2019); *Sewell*, 2018 WL 4914231, at *5.

Thus, whether construed as a motion for an order to stop legal interference or a petition for writ of mandamus, the Court has no authority to issue an order to grant the relief requested. For the foregoing reasons, Plaintiff's Motion will be denied.

Accordingly, it is **ORDERED**:

Plaintiff's construed Motion for a Court Order (Doc. No. 121) is **DENIED**.

Dated:   September 30, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE