UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN PENN,<br><br>              Plaintiff,<br><br>     v.<br><br>A. LUCAS,<br><br>              Defendant. | Case No.  1:18-cv-01482-KES-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Docs. 99, 118 |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis on his second amended complaint filed pursuant to 42 U.S.C. § 1983.  Doc. 19.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 19, 2024, the assigned magistrate judge issued findings and recommendations to grant defendant A. Lucas's motion for summary judgment (Doc. 99).  Doc. 118.  Plaintiff timely filed objections, Doc. 119, and defendant filed a response to plaintiff's objections, Doc. 120.

Plaintiff's objections largely reiterate his position that defendant was required to forward all staff complaints to the hiring authority, regardless of their procedural deficiencies.  *See* Doc. 119.  As the magistrate judge correctly noted, this assertion is contrary to the plain language of the applicable regulations at the time of the incident, which state that "[a] staff complaint filed by an inmate or parolee shall be processed as an appeal pursuant to this Article . . . ."  (Cal. Code

Regs. tit. 15 3084.9(i)), and that an appeals coordinator "shall screen *all* appeals prior to acceptance and assignment for review." Doc. 118 at 21 (citing Cal. Code Regs. tit. 15 § 3084.5(b)) (emphasis added).[1] Thus, defendant's actions in screening plaintiff's staff complaints were consistent with his duties under Title 15. Moreover, as the magistrate judge correctly noted, because plaintiff has no constitutional right to a particular grievance process, Doc. 118 at 22, defendant's improper screening or failure to process plaintiff's staff complaints would not amount to a constitutional violation. *See, e.g., Wright v. Shannon*, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); *Burgos v. Canino*, 641 F. Supp. 2d 443, 454 (E.D. Pa. 2009) (finding that the rejection or denial of prison grievances does not constitute adverse action for purposes of a retaliation claim), aff'd, 358 Fed. App'x 302 (3d Cir. 2009).

Plaintiff asserts that the magistrate judge has been "extremely bias[ed] and prejudicial" and intentionally issued the findings and recommendations after plaintiff was placed in restrictive housing, knowing that he would not have access to his legal materials. *See generally* Doc. 119. Plaintiff provides no support for this baseless accusation and appears merely to disagree with the magistrate judge's findings. *See United States v. Johnson*, 610 F.3d 1138, 1148 (9th Cir. 2010) ("Adverse findings do not equate to bias.").

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of the case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

///

///

///

---

[1] While sections 3084.5 and 3084.9 were repealed on June 1, 2020, they were operative during the time of defendant's alleged actions, in 2017 and 2018. *See* "Amended Notice of Approval of Emergency Regulatory Action", State of California Office of Administrative Law ("This emergency regulatory action became effective on June 1, 2020"), www.cdcr.ca.gov/regulations/wp-content/uploads/sites/171/2020/04/Master-File-Appeals-Emerg-Regs_ADA.pdf.

Accordingly, IT IS ORDERED that:

1. The findings and recommendations issued August 19, 2024, Doc. 118, are ADOPTED IN FULL;
2. Defendant A. Lucas's motion for summary judgment, Doc. 99, is GRANTED;
3. The Clerk of Court is directed to enter judgment for defendant A. Lucas; and
4. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   March 24, 2025

UNITED STATES DISTRICT JUDGE

3